IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JESUS M. PACHECO, *et al.*,** § | |
| § | |
| Plaintiffs, § | |
| § | |
| v.  § | Civil Action No. **3:12-CV-4057-L** |
| § | |
| **PCM CONSTRUCTION SERVICES,** § | |
| **LLC, DAWNNA L. HOGAN-GUERRA,** § | |
| **AND MIGUEL GUERRA,** § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Second Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Doc. 24), filed March 27, 2013; Plaintiffs' Motion for Conditional Certification and Class Notice Pursuant to 29 U.S.C. [§] 216(b) (Doc. 26), filed March 28, 2013;  Defendants' Motion to Compel Arbitration & Stay Lawsuit Pending Arbitration (Doc. 40), filed November 14, 2013; the magistrate judge's Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Reports") (Docs. 42, 46), issued on December 2, 2013, and December 18, 2013; and Defendants' Third Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Doc. 49).

This case was referred for pretrial management to Magistrate Judge Irma Carrillo Ramirez. On December 2, 2013, the magistrate judge recommended, with respect to Defendants' Second Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Doc. 24), that Plaintiffs should be allowed to amend their pleadings and Defendants' Second Fed. R. Civ. P. 12(b)(6) Motion to Dismiss should be denied as moot if Plaintiffs filed an amended complaint.  With respect to Plaintiffs' Motion for Conditional Certification and Class Notice Pursuant to 29 U.S.C. [§] 216(b) (Doc. 26), the magistrate judge

**Memorandum Opinion and Order –Page 1**

recommended, on December 18, 2013, that the court conditionally certify the class and authorize notice. No objections to the Reports were filed. As recommended by the magistrate judge, Plaintiffs filed their Second Amended Complaint on December 16, 2013, which was followed by another motion to dismiss by Defendants. As a result of Plaintiffs' amended pleading, Defendants' Second Fed. R. Civ. P. 12(b)(6) Motion to Dismiss is moot.

On January 10, 2014, the court vacated the order of reference for pretrial management in this case after noticing that there was also pending Defendants' Motion to Compel Arbitration & Stay Lawsuit Pending Arbitration ("Motion to Compel Arbitration"). Because Defendants' Motion to Compel Arbitration is dispositive of this case, the court addresses it first. After considering the Motion to Compel Arbitration, Plaintiffs' response, Defendants' reply, the record, and applicable law, the court **grants in part and denies in part** Defendants' Motion to Compel Arbitration & Stay Lawsuit Pending Arbitration (Doc. 40). Specifically, the court **grants** Defendants' Motion to Compel Arbitration but **denies** Defendants' request to "Stay Lawsuit Pending Arbitration."

In light of the court's determination regarding Defendants' Motion to Compel Arbitration, the court **denies as moot** Defendants' Second Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Doc. 24); **denies as moot** Plaintiffs' Motion for Conditional Certification and Class Notice Pursuant to 29 U.S.C. [§] 216(b) (Doc. 26); **need not address** the magistrate judge's Reports as to these motions; and **denies as moot** Defendants' Third Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Doc. 49), which was filed December 30, 2013.

**I.     Background**

On October 10, 2012, Plaintiff Jesus M. Pacheco filed this action, on behalf of himself and others similarly situated ("Plaintiffs"), alleging that Defendants PCM Construction Services, LLC;

**Memorandum Opinion and Order –Page 2**

Dawnna L. Hogan-Guerra; and Miguel Guerra (collectively, "Defendants") violated the Fair Labor Standards Act ("FLSA") by failing to compensate them for overtime hours worked. On March 7, 2013, Defendants moved to dismiss the claims against Individual Defendants Dawnna L. Hogan-Guerra and Miguel Guerra ("Individual Defendants"); however, the motion to dismiss was mooted by an Amended Complaint that was filed by Plaintiffs on March 20, 2013. The Amended Complaint added additional parties as Plaintiffs and a claim for retaliation under the FLSA. On March 27, 2013, Defendants moved again to dismiss the claims against the Individual Defendants. The following day, Plaintiffs moved to conditionally certify the class under and to authorize notice 29 U.S.C. § 215(b). On November 14, 2013, Defendants filed their motion to compel arbitration, which was not ripe until December 19, 2013. In light of the motion to compel arbitration, the parties' deadline to mediate was extended to March 30, 2014.

On December 2, 2013, and December 18, 2013, the magistrate judge issued findings and recommendations (Docs. 42, 46) as to Defendants' second motion to dismiss the Individual Defendants and Plaintiffs' motion for class certification and notice. With respect to the motion to dismiss, the magistrate judge recommended that Defendants' motion to dismiss be denied as moot and Plaintiffs be allowed to replead their FLSA claims. The magistrate judge also recommended that Plaintiffs' motion to conditionally certify the class and to authorize notice should be granted. Before the court could rule on the pending findings and recommendations, Plaintiffs filed their Second Amended Complaint on December 16, 2013, mooting the second motion to dismiss filed by Defendants. In response to the Second Amended Complaint, Defendants filed a third motion to dismiss on December 20, 2013, seeking dismissal of the claims against the Individual Defendants.

**Memorandum Opinion and Order –Page 3**

Pursuant to a scheduling order entered by the magistrate judge on April 12, 2013, the deadline to complete discovery expired on December 16, 2013, and the deadline for filing dispositive motions was set for January 13, 2014. The scheduling order also calls for initial designation of experts by October 7, 2013; however, no experts have been designated in this case, and the case has not yet been set for trial. On January 6, 2013, pursuant to an order entered by the magistrate judge, the parties submitted a joint status report, indicating that mediation had not yet taken place.

## II.     Law Applicable to Motions to Compel Arbitration

In support of their motion to compel arbitration, Defendants submitted copies of the employments agreements signed by Plaintiffs, which contain arbitration provisions. Pursuant to the arbitration provisions, Plaintiffs agreed "TO SUBMIT ANY DISPUTE BETWEEN EMPLOYEE AND THE COMPANY, OR ANY OF THE COMPANY'S EMPLOYEES, REPRESENTATIVES, OR AGENTS, TO MANDATORY, BINDING ARBITRATION." Defs.' App. 221.[1] The arbitration provision states that the duty to arbitrate continues even after termination of the employee's employment. *Id.* The arbitration provision also provides that any arbitration "will be held exclusively pursuant to the provisions of the Federal Arbitration Act," and "[a]ny claim subject to arbitration must be brought in the claimant's individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding." *Id.* The arbitration provision contains a venue provision that requires claims to be arbitrated in either Bexar County, Texas, or Raleigh,

---

[1] In support of their motion to dismiss, Defendants submitted copies of all the employment agreements signed by the named Plaintiffs in this case. Rather than citing to each of the agreements and arbitration provisions, the court refers to one of the agreements in Defendants' appendix to illustrate the language contained in all of the employment agreements signed by Plaintiffs. Some of the employment agreements signed by Plaintiffs include English and Spanish equivalents for each provision while others are in all Spanish. The court has compared all of the Spanish version employment agreements with the agreements that include both English and Spanish and concludes that the Spanish versions of the arbitration provisions in both are the same.

**Memorandum Opinion and Order –Page 4**

North Carolina, depending on where employees worked. The arbitration provision specifically invokes the FAA, and the parties agree that the FAA applies. The court therefore determines that the FAA applies to any arbitration of Plaintiffs' claims.

The FAA "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990) (noting that there is a strong policy in favor of arbitration under the FAA). In deciding whether to grant a motion to compel arbitration, the court first considers whether the parties agreed to arbitrate the dispute at issue. *See Webb v. Instacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam). The court next determines whether there are any legal restraints external to the agreement that would foreclose arbitration of the dispute. *See OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445-46 (5th Cir. 2001) (per curiam).

### III. Analysis of Motion to Compel Arbitration

Plaintiffs do not dispute that they signed the employment agreements containing the arbitration provision at issue. Instead, Plaintiffs contend that the arbitration provision or agreement is not enforceable because: (1) it does not allow employees to pursue their claims as a class; (2) it is unconscionable; (3) it does not provide for mandatory liquidated damages under the FLSA; and (4) Defendants waived the right to compel arbitration.

It is undisputed that Plaintiffs were employed by Defendant PCM Construction Services, LLC. With respect to the Individual Defendants, Plaintiffs contend they qualify as employers for purposes of the FLSA, and this was the subject of Defendants' motions to dismiss. Defendants dispute this contention, which is the subject of Defendants' motions to dismiss. Regardless of whether the Individual Defendants are employers under the FLSA, they do not appear to dispute that

they are either employees, representatives, or agents of Defendant PCM Construction Services, LLC. Moreover, other than contending that their class claims do not fall within the arbitration agreement, Plaintiffs do not dispute that they agreed to arbitrate any disputes between them and Defendants. The court therefore concludes that Plaintiffs agreed to arbitrate their claims against Defendants and considers whether their FLSA claims are referable to arbitration in light of the other legal arguments raised by Plaintiffs.

  A.  **Significance of Language in Agreement Disallowing Class Arbitration**

Plaintiffs contend that, because they filed this case as a collective action and the arbitration agreement precludes the arbitrator from presiding over and adjudicating such claims, their claims are not abitrable or referable to arbitration. Plaintiffs also note that they have pending a motion for class certification, and that "the arbitration agreement explicitly precludes the claims of Plaintiffs in this case at this stage of the proceeding." Pl.'s Resp. 3. Plaintiffs further assert that "[p]ending the determination of class certification [by the court], the arbitration agreement has no authority to determine that issue and Defendants may not stay the lawsuit and compel arbitration." *Id*. 3-4. The court disagrees.

Plaintiffs cannot defeat and avoid a valid arbitration agreement by filing a peremptory federal class action, and nothing in the arbitration agreement states that the restriction regarding class arbitration no longer applies if Plaintiffs bring a federal class action in federal court. Moreover, the issue of whether a particular arbitration agreement forbids or allows class arbitration is for the arbitrator to decide, not the court. *Pedcor Mgmt. Co., Inc. Welfare Benefit Plan v. Nations Personnel of Texas, Inc.*, 343 F.3d 355, 359 (5th Cir. 2003) ("[A]rbitrators are supposed to decide whether an arbitration agreement forbids or allows class arbitration."). Finally, as acknowledged by Plaintiffs,

**Memorandum Opinion and Order –Page 6**

the court has not decided Plaintiffs' request for class certification and notice. Accordingly, Plaintiffs' filing this action in federal court and seeking class certification do not preclude arbitration of their claims in accordance with the terms of the agreement that they signed unless, as Plaintiffs contend, the arbitration agreement is unconscionable or Defendants waived the right to compel arbitration.

### B. Whether the Parties' Arbitration Agreement is Unconscionable

Plaintiffs contend that the arbitration agreement is procedurally unconscionable because the Spanish version of the arbitration provision and reference to "Mediación en disputas," the title of the arbitration provision at issue, is confusing since, in Spanish, "arbitración and mediación *may* mean arbitration or mediation," and the arbitration provision refers to both "arbitración" and "mediación." Pls.' Resp. 5. In addition, Plaintiffs state that the arbitration provision is buried toward the end of a nine-page agreement that is "juxtaposed with both English and Spanish." *Id.* Plaintiffs further assert they are uneducated and were required to sign the agreement as a condition of their employment or continuing employment and did not have an opportunity to negotiate the terms of the employment agreement or arbitration provision. Plaintiffs therefore maintain that it is an unenforceable adhesion contract. Finally, Plaintiffs contend that the arbitration agreement is substantively unconscionable because arbitration of their claims would be cost prohibitive.

The party resisting arbitration has the burden of showing that the claims are unsuitable for arbitration. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000). In deciding the validity of an arbitration provision, courts apply state law. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 301 (5th Cir. 2004). Unconscionability, under Texas law, includes procedural unconscionability and substantive unconscionability considerations. *Id.* (citing *In re Halliburton*

**Memorandum Opinion and Order –Page 7**

*Co.*, 80 S.W.3d 566, 571 (Tex. 2002)). Procedural unconscionability "refers to the circumstances surrounding the adoption of the arbitration provision," whereas substantive unconscionability "refers to the fairness of the arbitration provision itself." *Id*. "[T]he basic test for [substantive] unconscionability is whether . . . the clause involved is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract." Thus, the focus in deciding whether an arbitration provision is substantively unconscionable focuses on preventing oppression and unfair surprise and not disturbing risk allocation as a result of superior bargaining power. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001).

"In Texas, there is nothing per se unconscionable about arbitration agreements; indeed, parties claiming unconscionability bear the burden of demonstrating it." *See Carter*, 362 F.3d at 301. Likewise, "[a]dhesion contracts are not automatically or per se unconscionable, and there is nothing per se unconscionable about arbitration agreements." *In re Lyon Fin. Servs.*, 257 S.W.3d 228, 233 (Tex. 2008); *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 608 (Tex. 2005). "[P]rinciples of unconscionability do not negate a bargain because one party to the agreement may have been in a less advantageous bargaining position." *Palm Harbor Homes*, 195 S.W.3d at 679. It is not unconscionable for Texas employers to offer at-will employees a take-it-or-leave-it agreement that includes binding arbitration. *In re Halliburton Co.*, 80 S.W.3d at 572 ("Because an employer has a general right under Texas law to discharge an at-will employee, it cannot be unconscionable, without more, merely to premise continued employment on acceptance of new or additional employment terms.").

Further, absent a duty to disclose, such as in a confidential or fiduciary relationship, an agreement is not unconscionable or fraudulent merely because one party was not informed as to the

**Memorandum Opinion and Order –Page 8**

arbitration provisions. *See In re Green Tree Servicing LLC*, 275 S.W.3d 592 (Tex. App.—Texarkana 2008, orig. proceeding); *Emerald Tex., Inc. v. Peel*, 920 S.W.2d 398, 402-03 (Tex. App.—Houston [1st Dist.] 1996, no writ).

Here, Plaintiffs do not allege that Defendants had a fiduciary duty to explain the employment agreement or the arbitration provision within that agreement to them, and the court determines, based on Plaintiffs' pleadings, that none existed. Further, Plaintiffs do not contend that they requested Defendants to explain the arbitration provision or that Defendants made any fraudulent statement regarding its meaning. Additionally, the court disagrees with Plaintiffs' assertion that the arbitration is buried in the employment agreement. There is no evidence that the employment agreement at issue is any longer than employment agreements in general, and the court is not aware of any authority that requires the placement of an arbitration provision to be at the beginning of an employment agreement.

Morever, the provision is conspicuous in that some of the language is in upper case font, and it sets forth in plain and unambiguous language the terms the parameters of the parties' agreement with respect to arbitration. Plaintiffs contend that the reference to "Mediación en disputas," the title of the arbitration provision at issue, is confusing because, in Spanish, "mediación *may* mean arbitration or mediation" Pls.' Resp. 5. They acknowledge, however, that the arbitration provision refers to both "arbitración" and "mediación." *Id.* The arbitration agreement therefore encompasses both "arbitración" and "mediación," and Plaintiffs were on notice of this fact. Plaintiffs' contention regarding alleged confusion as to whether the provision applies to arbitration is without merit. Plaintiffs also presented no evidence, in the form of affidavits or otherwise, that they were unaware of the arbitration provision, did not understand it, or inquired regarding its meaning. Moreover, to

**Memorandum Opinion and Order –Page 9**

the extent Plaintiffs contend that the arbitration provision is ambiguous because its inclusion of the words "arbitración" and "mediación," the court must construe any such ambiguity in favor of arbitration. *See Klein v. Nabors Drilling USA, L.P.*, 710 F.3d 234, 237 (5th Cir. 2013). For all of these reasons, the court concludes that Plaintiffs' contention that the arbitration agreement is unconscionable, because it is confusing, inconspicuous, an adhesion contract, is not supported by the arbitration agreement, evidence, federal policy applicable to arbitration agreements, or Texas law.

With respect to the cost of arbitration and claims of unconscionability based on cost, "[t]he mere risk . . . that the plaintiffs will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." *Green Tree Fin. Corp.*, 531 U.S. at 91-92; *accord In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001). Here, Plaintiffs offered no evidence to establish that arbitration will be cost prohibitive. Accordingly, their contention in this regard is similarly without merit and insufficient to avoid arbitration of their arbitrable claims. The court therefore concludes that Plaintiffs have failed to meet their burden of establishing that the arbitration agreement is unconscionable.

### C.   Liquidated Damages under the FLSA

Plaintiffs contend that the arbitration agreement is unenforceable because it does not provide for liquidated damages under the FLSA. Defendant counters that Plaintiffs argument in this regard is unavailing because the arbitration agreement does not preclude liquidated damages under the FLSA. The court agrees. Moreover, the Fifth Circuit has held that FLSA claims are subject to arbitration. *Carter*, 362 F.3d at 298. Thus, Plaintiffs cannot avoid arbitration on this ground.

### D. Waiver of Right to Compel Arbitration

There is a strong presumption against a finding that a party waived arbitration, and the party contending that the right to arbitration has been waived bears a heavy burden. *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004). A party waives its right to arbitration when it substantially invokes the judicial process to "the detriment or prejudice of the other party." *Id.* To invoke the judicial process, "the party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Id.* (citation omitted). Invocation of the judicial process alone does not constitute waiver. *Id.* at 346. There must also be prejudice to the party opposing arbitration. *Id.* Prejudice in this context refers to "inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Id.* (citation omitted). Delay alone is insufficient to establish waiver of the right to arbitration. *Walker v. J.C Bradford & Co.*, 938 F.2d 575, 578 (5th Cir. 1991) ("The mere failure to assert [timely] the right of arbitration does not alone translate into a waiver of that right."). Such failure does, however, "bear on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred." *Id.*

Here, Plaintiffs state: "Defendants Waived Arbitration because Defendants have Substantially Invoked the Judicial Process." Pls.' Resp. 2. Plaintiffs contend that Defendants were not diligent in pursuing arbitration and therefore invoked the judicial process. For the same reason, Plaintiffs contend in conclusory fashion that they would be prejudiced if required to arbitrate their claims at this stage. Specifically, Plaintiffs assert:

**Memorandum Opinion and Order –Page 11**

> Plaintiffs filed this FLSA suit on October 10, 2012 (DE 1). Plaintiffs filed their Amended Complaint on March 20, 2013 (DE 21), and Motion for Conditional Cert. on March 28, 2013 (DE 26). Defendants filed their Motion to Deny Conditional Certification and Class Notice on April 19, 2013 (DE 32). The Court entered its scheduling order on April 12, 2013 (DE 29). Plaintiffs have sent out discovery requests and tried to procure the depositions of Defendants diligently. After numerous motion practice and seven and half months since Plaintiffs' filing of Motion for Conditional Cert., Defendants file their Motion to Compel Arbitration. Deadlines for Joinder of Parties and Amended Pleadings have already passed and the deadlines for Discovery and Mediation are right on the horizon, due December 16, 2013 and December 30, 2013 respectively (DE 29). It has been more than a year since Plaintiffs filed this FLSA suit and after Defendants have invoked the judicial process for this long, Defendants' Motion to Compel Arbitration at this stage of proceeding would prejudice the Plaintiff and should be denied.

*Id.* 3. Plaintiffs, however, fail to point to any overt act by Defendants or explain why they believe Defendants substantially invoked the judicial process other than to state that Defendants were not diligent in pursuing arbitration. Likewise, Plaintiffs have failed to identify any inherently unfair consequence related to Defendants' alleged invocation of the judicial process other than a general complaint regarding delay.

The court nevertheless has carefully reviewed the record in this case to assess whether: (1) Defendants invoked the judicial process; and (2) Plaintiffs suffered any prejudice. Other than their motion to compel arbitration, Defendants filed an answer and three motions to dismiss. Plaintiffs reference discovery but acknowledges that only they have attempted to obtain discovery in this case. Even if Defendants had responded to Plaintiffs' discovery requests, they would not have waived the right to arbitrate because they did not seek any discovery from Plaintiffs. *See Keytrade U.S.A., Incorporated v. Ain Temouchnet M/V*, 404 F.3d 891, 897 (5th Cir. 2005) (concluding that a party may participate in discovery without waiving the right to arbitrate "so long as it does not shower[]

**Memorandum Opinion and Order –Page 12**

[the opposing party] with interrogatories and discovery requests.") (internal quotation marks omitted).

As to the motions to dismiss filed by Defendants, the first two motions are four pages in length, and the third motion is six pages long. All of the motions to dismiss are limited to the Individual Defendants and the issue of whether the Individual Defendants qualify as employers under the FLSA. None of the motions to dismiss has been ruled on, and the first two were mooted by Plaintiffs' amended pleadings. Of the three motions to dismiss, Plaintiffs only filed a nine-page response to Defendants' second motion. A significant portion of Plaintiffs' response is dedicated to setting forth the standard applicable to Rule 12(b)(6) motions and summarizing the pleadings, procedural history of the case, and Defendants' reason for moving to dismiss Plaintiffs' FLSA claims as to the Individual Defendants. Based on the foregoing, the court concludes that Defendants' actions in filing an answer and the motions to dismiss were not substantial enough to invoke the judicial process.[2]

Although Defendants waited until November 14, 2013, to move to compel arbitration, the thirteen-month delay does not appear to be the sort of tactical delay frowned on by the Fifth Circuit.

---

[2] The filing of a dispositive motion can, but does not necessarily, constitute a waiver of the right to arbitrate and depends on the facts of each case. For example, the Fifth Circuit in *Keytrade U.S.A., Incorporated*, 404 F.3d at 897-98, concluded that the movant's conduct in participating in discovery and filing a motion for summary judgment in excess of 100 pages was not a sufficient invocation of the judicial process to waive the right to arbitrate because the motion was "defensive" in nature and filed in conjunction with a motion to compel arbitration. At other times, the Fifth Circuit has concluded that the filing of dispositive motions, along with other actions, is sufficient to waive the right to arbitrate. In *Price v. Drexel Burnham Lambert, Incorporated*, 791 F.2d 1156 (5th Cir. 1986), the Fifth Circuit agreed, based on the following findings by the district court, that the party seeking to compel arbitration had waived its right to arbitrate:

> In its Order denying Drexel's Motion to Compel Arbitration, the district court found that Drexel "initiated extensive discovery, answered twice, filed motions to dismiss and for summary judgment, filed and obtained two extensions of pre-trial deadlines, all without demanding arbitration." The court further found that the "mounting attorneys fees," "seventeen-month delay," and "disclosure which has resulted from the numerous depositions and production of documents" constituted prejudice sufficient to prevent Drexel from invoking arbitration. The court, therefore, concluded that Drexel had waived its right to demand arbitration.

*Id.* at 1159-60. Defendants' actions in this case are more akin to those in *Keytrade* than *Price*.

**Memorandum Opinion and Order –Page 13**

*See Walker*, 938 F.2d at 577. As previously noted, Defendants' motions to dismiss were limited to the Individual Defendants, and their actions in the litigation have been purely defensive in nature in that they did not initiate any litigation action in this case and merely defended themselves against Plaintiffs' claims. *See Gulf Guar. Life Ins. Co. v. Connecticut Gen. Life Ins. Co.*, 304 F.3d 476, 485-86 (5th Cir. 2002). Moreover, this is not a case wherein Defendants sought relief and only attempted to resort to arbitration after being receiving an unfavorable ruling. To the contrary, the magistrate judge essentially agreed with Defendants but recommended that Plaintiffs be given an opportunity to cure the pleading defect.

Further, any prejudice allegedly suffered by Plaintiffs is insufficient because their briefing in response to the one motion to dismiss was fairly limited in scope and length, and they will have the burden on the issue of whether the Individual Defendants qualify as employers under the FLSA whether the case proceeds in federal court or arbitration. Consequently, they have not incurred fees in this litigation that they would not have incurred in arbitration. In any event, Plaintiffs have not presented any evidence that Defendants' delay materially prejudiced them, and their "generalized protestations" regarding delay and case activity are too tenuous to establish prejudice and overcome the strong federal presumption in favor of arbitration. *See Walker*, 938 F.2d at 578 (absent evidence of prejudice, the court declined to find waiver based on thirteen-month delay despite service of interrogatories and requests for production and attendance of pretrial conference). Accordingly, the court concludes that Defendants did not waive their contractual right to arbitration.

**IV.   Request to Stay Case Pending Arbitration**

Based on Seventh Circuit authority and section 3 of the FAA, Defendants contend that the case should be stayed pending arbitration of Plaintiffs' FLSA claims. Plaintiffs do not address

Defendants' request to stay the case pending arbitration. The court disagrees that the language in section 3 of the FAA requires a mandatory stay of the litigation. As explained by the Fifth Circuit, when a court determines that all claims are subject to arbitration, dismissal of the action with prejudice is appropriate and within the court's discretion. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). The court determines that all of Plaintiffs' claims are subject to arbitration. Given the court's determination that all claims raised in this case are arbitrable and must be submitted to arbitration, there is no reason for the court to retain jurisdiction and stay the action because "any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *Id.* The court therefore declines to retain jurisdiction over the action and will dismiss the action with prejudice.

## V.  Conclusion

For the reasons explained, the court **grants in part and denies in part** Defendants' Motion to Compel Arbitration & Stay Lawsuit Pending Arbitration (Doc. 40). Specifically, the court **grants** Defendants' Motion to Compel Arbitration but **denies** Defendants' request to "Stay Lawsuit Pending Arbitration." Accordingly, if Plaintiffs wish to pursue their FLSA claims or any claims against Defendants, they must do so in arbitration. The court therefore **orders** Plaintiffs to arbitrate their claims against Defendants in accordance with the arbitration provision included in their employment agreement. Likewise, Defendants are **ordered** to arbitrate any counterclaim they may have against Plaintiffs in accordance with the arbitration provision.

Further, the court **denies as moot** Defendants' Second Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Doc. 24); **denies as moot** Plaintiffs' Motion for Conditional Certification and Class Notice

Pursuant to 29 U.S.C. [§] 216(b) (Doc. 26); **denies as moot** Defendants' Third Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Doc. 49); and **dismisses with prejudice** this action.

    **It is so ordered** this 15th day of January, 2014.

                                    Sam A. Lindsay
                                    United States District Judge